# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MYRA DAVIS and JACQUELINE EVANS** | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **FLOYD PORTER and MERCER** | § | |
| **TRANSPORTATION CO., INC.** | § | |
| **Defendants.** | § | |

## INDEX OF STATE COURT PLEADINGS

| A-1. | Dallas County Court at Law No. 2 Civil Docket Sheet and case summary of all pleadings and documents filed in Cause No. CC-16-05928-B | |
|---|---|---|
| A-2. | Plaintiffs' Original Petition and Written Discovery to Defendants | 11/23/2016 |
| A-3. | Civil Case Information Sheet | |
| A-4. | Notice Pursuant to TRCP 165a | 11/29/2016 |
| A-5. | Citation Issued on Mercer Transportation Co., Inc. | |
| A-6. | Citation Returned on Mercer Transportation Co., Inc. | 12/2/2016 |
| A-7. | Defendant Mercer Transportation Co., Inc.'s Original Answer, Jury Demand, and Request for Disclosure | 12/20/2016 |

# EXHIBIT A-1

## Case Information

CC-16-05928-B | MYRA DAVIS, JACQUELINE EVANS vs. FLOYD PORTER, MERCER TRANSPORTATION CO., INC

Case Number
CC-16-05928-B

Court
County Court at Law No. 2

File Date
11/23/2016

Case Type
DAMAGES (COLLISION)

Case Status
OPEN

## Party

PLAINTIFF
DAVIS, MYRA

Address
212 W. SPRING VALLEY ROAD
RICHARDSON TX 75081

Active Attorneys ▼

Lead Attorney
LOAR, JOHN R
Retained

Work Phone
972-789-1664

Fax Phone
972-789-1665

PLAINTIFF
EVANS, JACQUELINE

Address
212 W. SPRING VALLEY ROAD
RICHARDSON TX 75081

Active Attorneys ▼

Lead Attorney
LOAR, JOHN R
Retained

Work Phone
972-789-1664

Fax Phone
972-789-1665


DEFENDANT
PORTER, FLOYD


DEFENDANT
MERCER TRANSPORTATION CO., INC.

Address
SERVE THROUGH ITS REGISTERED AGENT: CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

Active Attorneys ▼
Lead Attorney
DANIEL, LINDSAY P
Retained

Work Phone
817-509-2040

Fax Phone
817-509-2060


# Events and Hearings

11/23/2016 NEW CASE FILED (OCA)

11/23/2016 ORIGINAL PETITION ▼

ORIGINAL PETITION

CIVIL CASE SHEET

Comment
PLAINTIFFS' ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFENDANTS

11/23/2016 ISSUE CITATION ▾

ISSUE CITATION

Comment
PLACED IN LDM'S BOX C. DAVIS

11/30/2016 CITATION (SERVICE) ▾

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
12/02/2016

12/02/2016 RETURN OF SERVICE ▾

RETURN OF SERVICE

Comment
CITATION SERVED ON 11/30/2016 AT 11:40AM

12/20/2016 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER JURY DEMAND AND REQUEST FOR DISCLOSURE

Comment
JURY DEMAND AND REQUEST FOR DISCLOSURE

02/24/2017 DISMISSAL HEARING ▾

1cd#2 Y Letter

Judicial Officer
FIFER, KING

Hearing Time
9:00 AM

## Financial

DAVIS, MYRA

|  | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $308.00 |
| Total Payments and Credits | | | | $308.00 |

| | | | | |
|---|---|---|---|---|
| 11/23/2016 | Transaction Assessment | | | $308.00 |
| 11/23/2016 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2016-14206 | DAVIS, MYRA | ($308.00) |

## Documents

ORIGINAL PETITION

CIVIL CASE SHEET

 led#2 Y Letter

ISSUE CITATION

RETURN OF SERVICE

ORIGINAL ANSWER JURY DEMAND AND REQUEST FOR DISCLOSURE

# EXHIBIT A-2

CAUSE NO. **CC-16-05928-B** _____

| | | |
|---|---|---|
| **MYRA DAVIS and JACQUELINE EVANS**<br>**Plaintiffs,** | §<br>§<br>§<br>§<br>§ | **IN THE COUNTY COURT** |
| **v.** | §<br>§ | **AT LAW NO. ____** |
| **FLOYD PORTER and MERCER TRANSPORTATION CO., INC.**<br>**Defendant.** | §<br>§<br>§ | **DALLAS COUNTY, TEXAS** |

### PLAINTIFFS' ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFENDANTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, MYRA DAVIS and JACQUELINE EVANS, Plaintiffs, complaining of and against FLOYD PORTER and MERCER TRANSPORTATION CO., INC., Defendants herein, and would respectfully show unto the Court as follows:

### I.   RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

Plaintiffs prefer to have this Honorable Judge or jury determine the fair amount of compensation for Plaintiffs' damages, and Plaintiffs place the decision regarding the amount of compensation to be awarded in this Honorable Judge or jury's hands. However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs are required to provide a statement regarding the amount of monetary relief sought. Plaintiffs seek only monetary relief of over $100,000.00 but not more than $200,000.00, including damages of any kind, penalties, costs, expenses, and pre-judgment interest.

### II.   DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery under Discovery Level 2 in accordance with Texas

Rules of Civil Procedure 194.2. Written requests to Defendants are set forth below, including Requests for Disclosure, Requests for Production, and Interrogatories. Responses to discovery requests are due fifty (50) days from the date the Defendants were served with this Petition, to the office of the Modjarrad | Abusaad | Said Law Firm located 212 W Spring Valley Rd., Richardson, TX 75081.

### III.    PARTIES AND SERVICE

Plaintiff, MYRA DAVIS is a resident of DALLAS County, TX.

Plaintiff, JACQUELINE EVANS is a resident of DALLAS County, TX.

Defendant FLOYD PORTER is an individual is an individual who may be served at his regular place of abode, presently unknown, or wherever he may be found. **Issuance of citation will be requested at a later time**.

Defendant, MERCER TRANSPORTATION CO., INC., is a corporation conducting business in the state of Texas and may be served through their registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, TX 75201. **Issuance of citation is requested at this time.**

In the event any parties are misnamed or not included herein, it is Plaintiffs' contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

### IV.    JURISDICTION

This Court has jurisdiction as Plaintiffs' damages exceed the minimum jurisdictional limits of this Court. Plaintiffs affirmatively pleads that they are seeking monetary relief over $100,000.00 but not more than $200,000.00. Furthermore, this Court has personal jurisdiction under the Long Arm Statute over the any nonresident Defendants because this suit involves a motor vehicle collision within the State of Texas.

## V.    VENUE

Venue is proper in DALLAS County, Texas, pursuant to 15.002(a)(1) of the Texas Civil Practice and Remedies Code, because the facts that give rise to the causes of action occurred in DALLAS County, Texas. The motor vehicle collision subject of this lawsuit occurred in DALLAS County, Texas.

## VI.    FACTS

On or about December 14, 2014, Plaintiff MYRA DAVIS was safely driving a motor vehicle with Plaintiff JACQUELINE EVANS in DALLAS County, Texas. Defendant PORTER failed to keep such a look out as a person of ordinary prudence would have and failed to maintain control of his vehicle and collided into Plaintiffs' vehicle. Defendant PORTER's negligence was the cause of this motor vehicle collision. This motor vehicle collision was the cause of Plaintiffs' injuries.

At all times relevant to this lawsuit, DEFENDANT PORTER was acting in the course and scope of his employment with MERCER TRANSPORTATION CO., INC., and was driving a vehicle owned by DEFENDANT MERCER TRANSPORTATION CO., INC.

Additionally, Defendant MERCER TRANSPORTATION CO., INC. negligently entrusted the vehicle driven by Defendant PORTER in this motor vehicle collision. PORTER is an unlicensed, reckless and/or an incompetent driver. Defendant MERCER TRANSPORTATION CO., INC. had a duty not to allow an unlicensed, reckless, and/or incompetent driver, such as Defendant PORTER, to operate the vehicle.

Additionally, Defendant MERCER TRANSPORTATION CO., INC. negligently trained, supervised, retained, and/or employed Defendant PORTER.

It was the DEFENDANTS' negligence, individually or jointly, which was the proximate

cause of Plaintiffs' personal injuries and property damages.

## VII. NEGLIGENCE OF DEFENDANT PORTER

The conduct of Defendant was the proximate cause of Plaintiffs' personal injuries in that Defendant's acts or omissions constituted negligence and/or negligence per se to wit:

a.  failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

b.  failing to turn the direction of the vehicle away from other vehicles, in order to avoid the collision;

c.  failing to use due care to avoid the collision;

d.  failing to pay attention while operating a motor vehicle;

e.  failing to maintain a safe following distance in violation of Texas Transportation Code §545.062;

f.  failing to control the speed of the vehicle.

Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of Plaintiffs' sustaining injuries and damages that are described below.

## VIII.   NEGLIGENT ENTRUSTMENT OF DEFENDANT MERCER TRANSPORTATION CO., INC.

Defendant MERCER TRANSPORTATION CO., INC.'s conduct of negligently entrusting the motor vehicle subject of this lawsuit to Defendant PORTER occurred on or about December 14, 2014. Defendant MERCER TRANSPORTATION CO., INC. should have used ordinary care knowing that Defendant PORTER was an unlicensed, reckless, and/or incompetent driver, and should have denied the use of such vehicle to Defendant PORTER, who subsequently caused the collision which was the proximate cause of Plaintiffs' personal injuries. Defendant

MERCER TRANSPORTATION CO., INC., through acts of negligence, is liable to Plaintiffs for the harm he suffered as a result of the collision subject of this lawsuit. Defendants MERCER TRANSPORTATION CO., INC. and PORTER are jointly and severally liable for Plaintiffs' personal injuries.

## IX. VICARIOUS LIABILITY OF DEFENDANT MERCER TRANSPORTATION CO., INC.

At all relevant times, DEFENDANT PORTER acted within his course and scope of employment with MERCER TRANSPORTATION CO., INC. As such, DEFENDANT MERCER TRANSPORTATION CO., INC. is vicariously liable for the acts of DEFENDANT PORTER under the doctrine of respondeat superior. Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court.

## X. NEGLIGENT HIRING, SUPERVISION, TRAINING, AND/OR RETENTION BY DEFENDANT MERCER TRANSPORTATION CO., INC. OF DEFENDANT PORTER

Defendant MERCER TRANSPORTATION CO., INC. owed a duty to Plaintiffs to hire, supervise, train, and/or retain Defendant PORTER. Defendant MERCER TRANSPORTATION CO., INC. breached this duty by negligently hiring, supervising, training, and retaining Defendant PORTER, and as a result of this negligence, Plaintiffs were injured.

## XI. DAMAGES

As a result of the negligent conduct of Defendants, Plaintiffs suffered the injuries and damages, described below:

a. Actual medical bills incurred by Plaintiffs, which are necessary and reasonable for these types of services in the DALLAS county; and for future medical attention in amounts unknown at this time;

b. Monetary damages for Plaintiffs for past physical pain and suffering and mental

anguish found to be reasonable and just by the trier of fact;

c.   Monetary damages for Plaintiffs for future physical pain and suffering and mental anguish found to be reasonable and just by the trier of fact;

d.   Physical impairment in the past and future as determined by the trier of fact;

e.   Disfigurement in the past and future;

f.   Lost wages;

g.   Lost earning capacity in the past and future;

h.   Property Damage, including loss of use and diminished value;

## XII.   DISCOVERY REQUESTS TO DEFENDANT PORTER
### Instructions

For any requested information about a document that no longer exists or cannot be located, identify the document; state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located. All responses and responsive documents to Plaintiffs' First Set of Discovery is due fifty (50) days from the date Defendant is served with this Petition to the office of the Modjarrad | Abusaad | Said Law Firm located at 212 W. Spring Valley Rd., Richardson, Texas 75081.

### Definitions

The following definitions shall have the following meanings, unless the context requires otherwise:

1.   "Defendant," "you," or "your" means MICHAEL PORTER, individually unless otherwise specifie.

2.   "Plaintiff" means MYRA DAVIS and/or JACQUELINE EVANS unless otherwise specified.

3.    "Party" or "parties," as well as party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, his or its agents, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with his or it, or under his or its control, whether directly or indirectly, including any attorney.

4.   "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession to the item, as per TRCP 192.7.

5. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

6. "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

7. "Mobile device" means cellular telephone, satellite telephone, pager, personal digital assistant, palm top computer, laptop computer, notebook computer, hand-held computer, tablet computer, electronic rolodex, e-book, or walkie-talkie.

8. "Identify" or "describe," when referring to a person, means you must state the following:

   a. The full name.
   b. The present or last known residential address and residential telephone number.
   c. The present or last known office address and office telephone numbers.
   d. The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
   e. In the case of any entity, identify the officer, employee, or agent most closely connect with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

9. "Identify" or "describe," when referring to a document, means you must state the following:

   a. The nature (e.g. letter, handwritten note) of the document.
   b. The title or heading that appears on the document.
   c. The date of the document and the date of each addendum, supplement, or other addition or change.
   d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
   e. The recent location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

10. The word "and" means "and/or." The word "or" means "or/and."

11. The word "vehicle" means a vehicle that is involved in motor vehicle collision that is the subject of this suit.

12. "Accident," "incident," or "collision" means the motor vehicle collision that occurred on or about December 14, 2014, between Plaintiff and Defendant, forming the basis of this lawsuit

### Rule 194 Requests for Disclosure

Please take notice that pursuant to Rule 194, you are requested to disclose the following information or material:

a.      The correct names of the parties to the lawsuit;

b.      The name, address and telephone number of any potential parties;

c.      The legal theories and, in general, the factual basis of the responding party's claims or defenses;

d.      The amount and method of calculating economic damages;

e.      The name, address, and phone numbers of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

f.      For any testifying expert:
        (1) The expert's name, address and phone number;
        (2) The subject matter on which the expert will testify;
        (3) The general substance of the expert's mental impressions and opinions and    brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
        (4) If the expert is retained by, employed by, or otherwise subject to the control of the responding party:
             a. All documents, tangible things, reports, models, or data compilations that have been provided to reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, and
             b. The expert's current resume and bibliography

g.      Any discoverable indemnity and insuring agreements;

h.      Any discoverable settlement agreements;

i.      Any discoverable witness statements;

j.      In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

k.      In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization by the requesting party.

l.      The name, address, and telephone number of any person who may be designated as a responsible third party.

m.    All documents, electronic information, and tangible items that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses.

## Interrogatories

### Interrogatories to Defendant

**INTERROGATORY NO. 1.**

Identify the defendant with regard to the following:

a. full name;
b. date and place of birth;
c. residential address;
d. business or school address;
e. occupation.

ANSWER:

**INTERROGATORY NO. 2.**

If the defendant was a licensed driver at the time of the collision, state:

a. the full name and address that appeared on that license;
b. the state that issued the license;
c. the license identification number;
d. the license's expiration date;
e. whether any restrictions appeared on the license; and

ANSWER:

**INTERROGATORY NO. 3.**

Set forth the defendant's record of arrests, indictments, traffic citations and equipment violations where you either plead guilty or were found guilty since your turned eighteen years of age.

ANSWER:

**INTERROGATORY NO. 4.**

With regard to the actual occurrence of the collision in question, state:

a. the model year, make, model, license plate number, vehicle identification number (VIN) and color of the vehicle Defendant was driving that was involved in the collision;
b. the date, time and place of the collision;
c. the direction in which the defendant was traveling at the time of the collision;
d. the name of the roadway on which the Plaintiff was traveling and the   general direction of travel prior to the collision;
e. the direction in which the defendant was traveling at the time of the collision;
f. the name of the roadway on which the defendant was traveling and the         general direction of travel prior to the collision;
g. the traffic conditions at the time of the collision; and
h. the roadway and weather conditions at the time of the collision.

<u>ANSWER:</u>

**INTERROGATORY NO. 5.**

With regard to the defendant's vehicle at the time of the collision, state:

a. the place where the trip was commenced;
b. the planned destination;
c. the length of time the defendant's vehicle had been in continuous operation from the commencement of the trip until the time of the collision;
d. the distance, in miles, that the defendant' vehicle had traveled from the commencement of the trip until the time of the collision; and
e. the owner of the vehicle at the time of the collision and, if different, the owner of the vehicle today.

<u>ANSWER:</u>

**INTERROGATORY NO. 6.**

If the defendant or any other occupant of the vehicle, consumed any alcoholic beverages within 8 hours prior to the collision, state:

a. the identity of the persons who consumed the alcoholic beverages;
b. the place where the alcoholic beverages were consumed;
c. the time at which the alcoholic beverages were consumed;
d. the quantity and type of alcoholic beverages consumed;
e. the period and time over which the alcoholic beverages were consumed; and
f. the time the last drink was consumed.

<u>ANSWER:</u>

**INTERROGATORY NO. 7.**

If the defendant received any citation or summons from a law enforcement officer for the manner or method of the operation of the vehicle, or for the equipment on that vehicle, state for each citation or summons:

    a.  the identity, including name and badge number of the law enforcement officer who issued it:
    b.  the basis for the summons or citation;
    c.  the court to which the charges were returnable;
    d.  the date on which the charges were returnable;
    e.  the ultimate plea entered by the defendant with respect to the charges; and
    f.  the disposition of the charges.

ANSWER:

**INTERROGATORY NO. 8.**

If the defendant or any of the defendant's representatives has either made or obtained any reports or statements concerning the collision, state with respect to each such report or statement:

    a.  the name, business address and title of the person or other entity who made or received the report or statement;
    b.  the date on which the report or statement was made;
    c.  the nature of the report or statement; and
    d.  the name and address of the person who has present custody of the report or statement.

ANSWER:

**INTERROGATORY NO. 9.**

If the defendant or the defendant's representatives has conducted, or caused to be conducted, any investigation into the facts and circumstances surrounding the collision, state for each such investigation. Please note: the identity of the person conducting the investigation is not work product, nor is the information about witness statements.

    a.  the identity of the person who conducted the investigation, including name, address and title;
    b.  the date or dates on which the investigation was conducted;
    c.  the identity of the speaker each statement obtained by the investigator, including the name and address of the person who made the statement, the date on which the statement was made and whether the statement was signed; and
    d.  the identity including name, address and title, of the person who has presented custody of each statement obtained by the investigator.

ANSWER:

**INTERROGATORY NO. 10.**

If the defendant or any of the defendant's representatives has obtained any photographs of the collision site, the vehicle involved or the plaintiff, or photographs that pertain to the manner in which the collision occurred, state for each such photograph:

a. the date on which the photograph was taken;
b. the time at which the photograph was taken;
c. the identity, including name, address and job title, of the person who took the photographs;
d. the nature of the scene the photograph depicts; and
e. the identity, including name, address and job title, of the person who has present custody of the photograph.

ANSWER:

**INTERROGATORY NO. 11.**

Identify every person who has impeachment or rebuttal evidence and describe the evidence each person has, including criminal convictions of the Plaintiff. If you have enough information to anticipate the use of impeachment or rebuttal evidence or witnesses, you must provide that information.

ANSWER:

**INTERROGATORY NO. 12.**

If the Defendant had a mobile device in the vehicle at the time of the collision, identify the mobile device with regard to

a. Phone make and model;
b. Carrier;
c. Phone Number;
d. Account number
e. The last time a call was made to or from the mobile device prior to the collision
f. The last time a message (text, email or otherwise) was sent or received prior to the collision.
g. The last time data was either uploaded or downloaded by the Defendant prior to the collision.
h. The first time a call was made to or from the mobile device after the collision
i. The first time a message (text, email or otherwise) was sent or received after the collision.
j. The first time data was either uploaded or downloaded by the Defendant after the collision.

ANSWER:

**INTERROGATORY NO. 13.**

Identify the activities of Defendant in the 4 hours prior to the collision.

ANSWER:

**INTERROGATORY NO. 14.**

In your own words, describe how the motor vehicle collision took place.

ANSWER:

**INTERROGATORY NO. 15.**

Describe the conversation between you and the parties immediately after the collision.

ANSWER:

**INTERROGATORY NO. 16.**

If Defendant was employed at the time of the collision, state:
   a. The name of Defendant's employer;
   b. The address of the employer's headquarters;
   c. The name and address of the employer's registered agent in Texas; and
   d. Defendant's duties and responsibilities related to their employment.

ANSWER:

**INTERROGATORY NO. 17.**

If Defendant was employed at the time of the collision, describe how Defendant was trained for their position. If Defendant was required to complete any courses, obtain any licenses, or obtain any certifications, include a description of those and the date completed.

ANSWER:

**Requests for Production of Documents to Defendant**

**REQUEST NO. 1.**

Produce the title to the vehicle defendant was driving on the day of the collision.

RESPONSE:

**REQUEST NO. 2.**

Produce a true and legible copy of the front and back of defendant's current driver's license.

RESPONSE:

**REQUEST NO. 3.**

Produce all photographs and video tapes defendant has showing the scene or location of the collision, as well as the nature and extent of any damage to either party's vehicle as a result of the occurrence.

RESPONSE:

**REQUEST NO. 4.**

Produce the damage appraisal of defendant's vehicle, as well as any bills, invoices, statements, or other documents showing the actual cost of repairs made to your vehicle as a result of the collision.

RESPONSE:

**REQUEST NO. 5.**

Produce all drawings, maps, or sketches of the scene of the collision.

RESPONSE:

**REQUEST NO. 6.**

Produce any surveillance movies, photographs, or videotapes of plaintiff or of the collision.

RESPONSE:

**REQUEST NO. 7.**

Produce the police report or other report of any governmental agency relating to the collision.

RESPONSE:

**REQUEST NO. 8.**

Produce all documents relating to any inspection performed on your vehicle within the past five years.

RESPONSE:

**REQUEST NO. 9.**

Produce all documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

RESPONSE:

**REQUEST NO. 10.**

Produce any written, taped or mechanically reproduced statement made of any Defendant or Plaintiff.

RESPONSE:

**REQUEST NO. 11.**

Produce the entire claim and investigations file of your insurance company, including, but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the collision generated or obtained by Defendant, Defendant's agents, or Defendant's insurers in the ordinary course of business. Note that this information is generally not work product and contains discoverable information. *See In re Ford Motor Co.* 988 S.W.2d 714, 719 (Tex. 1998), *Dunn Equip. v. Gayle,* 725 S.W.2d 372, 374-375 (Tex.App.—Houston [14th dist.] 1987, orig proceeding).

RESPONSE:

**REQUEST NO. 12.**

Produce any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party defendant to this suit or its representatives, agents or insurers regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:
   a.    The collision;
   b.    Plaintiffs' damages;

c.     The presentation of any testimony;
d.     Whether or how to conduct any cross examination;
e.     The performance of discovery; and/or
f.     The presentation of any defense, excuse, or inferential rebuttal.

RESPONSE:

**REQUEST NO. 13.**

Produce any information relating to any arrest or conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge or relevant facts named in discovery information provided by or to you before trial. Please include the name of the person convicted, the offense for which he or he was arrested or convicted, the year of such arrest or conviction, the court of such conviction, and the disposition of the case or allegation.

RESPONSE:

**REQUEST NO. 14.**

Produce any and all records for mobile devices in the vehicle at the time of the collision. For the purposes of this Request, production of records for the day of the collision are sufficient. This includes, voice, data, and text records.

RESPONSE:

**REQUEST NO. 15.**

All documents and records Defendant obtains from all sources to be used at trial. This includes, but is not limited to, any documents received via Depositions on Written Questions.

RESPONSE:

**REQUEST NO. 16.**

If Defendant was employed at the time of the collision, produce a copy of any employee handbooks, manuals, and hiring policies.

RESPONSE:

**REQUEST NO. 17.**

If Defendant was employed at the time of the collision, produce a copy of any records of disciplinary action or reprimands related to that employment. This includes but is not limited to a record of equipment violation, a record of safety violations, and a record of failed inspections.

RESPONSE:


### Requests for Admissions to Defendant

Please Admit or Deny the following:

**REQUEST 1.**      Defendant was operating a motor vehicle on December 14, 2014, when said defendant was involved in a collision.

**REQUEST 2.**      At the time of the collision, Defendant did not own the vehicle involved in the collision.

**REQUEST 3.**      The condition of the road did not contribute to the cause of the collision.

**REQUEST 4.**      Lighting conditions did not contribute to the cause of the collision.

**REQUEST 5.**      Weather conditions did not contribute to the cause of the collision.

**REQUEST 6.**      A sudden emergency did not contribute to the cause of the collision.

**REQUEST 7.**      An act of God did not contribute to the cause of the collision.

**REQUEST 8.**      Defendant does not contend the collision was unavoidable.

**REQUEST 9.**      Defendant's driver's license was not valid at the time of this collision.

**REQUEST 10.**     No defect or malfunction in the vehicle Defendant was driving contributed to the cause of the collision.

**REQUEST 11.**     Defendant was using a mobile device when the collision occurred.

**REQUEST 12.**     Defendant was under the influence of drugs or alcohol when the collision occurred.

**REQUEST 13.**     Defendant had ingested or consumed drugs or alcohol within the 24 hours before the collision.

**REQUEST 14.**     Plaintiff did not contribute to the cause of the collision.

**REQUEST 15.**     Defendant was employed by MERCER TRANSPORTATION CO., INC. at the time of this collision.

**REQUEST 16.**   Defendant   was   driving   a   vehicle   owned   by   MERCER TRANSPORTATION CO., INC.   at the time of this collision.

**REQUEST 17.**   Defendant was driving a vehicle while in the scope of employment for MERCER TRANSPORTATION CO., INC.   at the time of this collision.

## XIII.   DISCOVERY REQUESTS TO DEFENDANT MERCER TRANSPORTATION CO., INC.

### Instructions

For any requested information about a document that no longer exists or cannot be located, identify the document; state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located. All responses and responsive documents to Plaintiffs' First Set of Discovery is due fifty (50) days from the date Defendant is served with this Petition to the office of Modjarrad | Abusaad | Said Law Firm located at 212 Spring Valley Road, Richardson, Texas 75081.

### Definitions

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Defendant," "you," or "your" means MERCER TRANSPORTATION CO., INC., organizationally, unless otherwise specified.

2. "Plaintiff" means MYRA DAVIS and/or JACQUELINE EVANS unless otherwise specified

3. "Party" or "parties," as well as party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, his or its agents, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with him or it, or under his or its control, whether directly or indirectly, including any attorney.

4. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession to the item, as per TRCP 192.7.

5. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

6.  "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

7.  "Mobile device" means cellular telephone, satellite telephone, pager, personal digital assistant, palm top computer, laptop computer, notebook computer, hand-held computer, tablet computer, electronic rolodex, e-book, or walkie-talkie.

8.  "Identify" or "describe," when referring to a person, means you must state the following:

    a.  The full name.
    b.  The present or last known residential address and residential telephone number.
    c.  The present or last known office address and office telephone numbers.
    d.  The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
    e.  In the case of any entity, identify the officer, employee, or agent most closely connect with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

9.  "Identify" or "describe," when referring to a document, means you must state the following:

    a.  The nature (e.g. letter, handwritten note) of the document.
    b.  The title or heading that appears on the document.
    c.  The date of the document and the date of each addendum, supplement, or other addition or change.
    d.  The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
    e.  The recent location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

10.  The word "and" means "and/or." The word "or" means "or/and."

11.  The word "vehicle" means a vehicle that is involved in motor vehicle collision that is the subject of this suit.

12.  "Accident," "incident," or "collision" means the motor vehicle collision that occurred on or about December 14, 2014, between Plaintiff and Defendant, forming the basis of this lawsuit.

### Rule 194 Requests for Disclosure

Please take notice that pursuant to Rule 194, you are requested to disclose the following information or material:

a.      The correct names of the parties to the lawsuit;

b. The name, address and telephone number of any potential parties;

c. The legal theories and, in general, the factual basis of the responding party's claims or defenses;

d. The amount and method of calculating economic damages;

e. The name, address, and phone numbers of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

f. For any testifying expert:
   (1) The expert's name, address and phone number;
   (2) The subject matter on which the expert will testify;
   (3) The general substance of the expert's mental impressions and opinions and    brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
   (4) If the expert is retained by, employed by, or otherwise subject to the control of the responding party:
      a. All documents, tangible things, reports, models, or data compilations that have been provided to reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, and
      b. The expert's current resume and bibliography

g. Any discoverable indemnity and insuring agreements;

h. Any discoverable settlement agreements;

i. Any discoverable witness statements;

j. In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

k. In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization by the requesting party.

l. The name, address, and telephone number of any person who may be designated as a responsible third party.

## **Interrogatories**

## INTERROGATORY NO. 1.

Please state whether this business entity has had a transfer of ownership in the last ten years; and if so, the dates of transfer, the parties or entities to the transfer, and current owner(s).

ANSWER:

**INTERROGATORY NO. 2.**

Please state the names, address, and phone numbers of Defendant MERCER TRANSPORTATION CO., INC. its agents/employees and/or representatives who first authorized Defendant FLOYD PORTER to drive the vehicle which was involved in the incident made the basis of this suit.

ANSWER:

**INTERROGATORY NO. 3.**

Please state the name and address, phone number of each person having any knowledge, of relevant facts related to the collision which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

ANSWER:

**INTERROGATORY NO. 4.**

State when you first employed Defendant FLOYD PORTER and how long Defendant FLOYD PORTER has done business with Defendant MERCER TRANSPORTATION CO., INC.

ANSWER:

**INTERROGATORY NO. 5.**

Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, the name of the insurer, and the amount of any liability insurance coverage.

ANSWER:

**INTERROGATORY NO. 6.**

Describe in detail what damage, if any, was done to Defendant MERCER TRANSPORTATION CO., INC.'s cab or the trailer that Defendant FLOYD PORTER was hauling and which was involved in this collision drove in this collision, and give the cost of repair to such vehicle.

ANSWER:

**INTERROGATORY NO. 7.**

Describe any information you have indicating, or any reason you have to believe, that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

ANSWER:

**INTERROGATORY NO. 8.**

Describe any criminal record Defendant FLOYD PORTER may have, including the nature of the charge, date and place of arrest, and conviction, if any. (This Interrogatory is intended to include traffic or moving vehicle violations.)

ANSWER:

**INTERROGATORY NO. 9.**

Please state whether or not you have a copy of any statement which the Plaintiff or any other person with knowledge of relevant facts have previously made concerning the action or its subject matter and which is in your possession, custody or control.

For the purpose of this question, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

If so, state the name of the person giving the statement, the date of the statement, the name of the person taking the statement and who now has possession of such statement.

ANSWER:

**INTERROGATORY NO. 10.**

Please state who gave Defendant FLOYD PORTER the authority to drive the vehicle and/or haul the trailer owned by MERCER TRANSPORTATION CO., INC. in question, on December 14, 2014.

ANSWER:

**INTERROGATORY NO. 11.**

Please state whether Defendant MERCER TRANSPORTATION CO., INC. lent/leased/rented the vehicle and/or trailer to Defendant FLOYD PORTER on the date of the collision.

ANSWER:

**INTERROGATORY NO. 12.**

Have Defendants been sued under similar circumstances by other parties, either injured or from families, for a wrongful death or a personal injury claim? If yes, then please state the Court and Cause number of said proceedings.

ANSWER:

**INTERROGATORY NO. 13.**

What is the relationship between Defendant FLOYD PORTER and Defendant MERCER TRANSPORTATION CO., INC. in this cause of action?

ANSWER:

**INTERROGATORY NO. 14.**

Please describe what inquiry of Defendant FLOYD PORTER, if any, was performed prior to hiring Defendant FLOYD PORTER? If any such inquiry was performed, please describe the results of that inquiry.

ANSWER:

**INTERROGATORY NO. 15.**

Please describe what training, if any, was required of Defendant FLOYD PORTER to perform his employment duties and responsibilities? If any licenses or certifications were required, please describe those licenses or certifications.

ANSWER:

**INTERROGATORY NO. 16.**

Please state the last known address for Defendant FLOYD PORTER, his date of birth, telephone number, and present relationship to Defendant MERCER TRANSPORTATION CO., INC.

ANSWER:

## **Request for Production of documents from Defendant**

1.  All photographs taken in connection with Plaintiffs' cause of action in the possession, constructive possession, custody or control of DEFENDANT.

2.  All photographs taken of the scene of the collision or the surrounding area of the scene of the collision in the possession, constructive possession, custody or control of DEFENDANT.

3.  All photographs taken of PLAINTIFF which may be in the possession, constructive possession, custody or control of DEFENDANT.

4.  All pictures, motion pictures, movies, films, or photographic material of any kind taken of PLAINTIFFS which are in the possession, constructive possession, custody or control of DEFENDANT.

5.    All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the collision in question which are in the possession, constructive possession, custody or control of DEFENDANT.

6.    All written statements made by DEFENDANTS in the possession, constructive possession, custody or control of DEFENDANT.

7.    All oral statements made by DEFENDANTS, which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of DEFENDANT.

8.    A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about DEFENDANTS which are in the possession, constructive possession, custody or control of DEFENDANT.

9.    All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that DEFENDANT advise Plaintiff accordingly and reduce such material to a tangible form).

10.   A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

11.   Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to DEFENDANT, as a result of the collision which has been made the basis of Plaintiffs' lawsuit.

12.   Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of DEFENDANT that DEFENDANT prepared as a result of the collision made the basis of Plaintiffs' lawsuit.

13.   Copies of estimates, invoices, and/or any other written documentation which were prepared as a result of the damage to any vehicles involved in the collision made the basis of Plaintiffs' lawsuit.

14.   Copies of any contracts or agreements between DEFENDANT and any maintenance or repair services in effect on December 14, 2014.

15.   Copies of any and all books, documents or other tangible things which may or may not be introduced at trial, but which may have a bearing on Plaintiffs' cause of action and may be used as demonstrative evidence at trial.

16.   Please attach true, accurate, and authenticated copies of any and all financial

documentation provided to shareholders for the past five (5) years.

17. Please attach true, accurate, and authenticated copies of any and all annual reports provided to shareholders for the past five (5) years.

18. Please attach true, accurate, and authenticated copies of any and all net worth statements for the past five (5) years.

19. All documents relating to or evidencing the assignments of all employees working on the day in question.

20. All documents evidencing hiring procedures, guidelines and requirements for employees entrusted with a vehicle.

21. All communications (including e-mail, text messages, blog posts memorandums, and inter-office memos) exchanged between any of the Defendants or amongst or between the agents of any defendant concerning and/or referring to the criminal and/or behavioral history of Defendant.

22. All documents pertaining to or evidencing safety policies, safety training and safety procedures, if any.

23. All documents pertaining to or evidencing training procedures and safety policies given to those entrusted with a company vehicle.

24. Produce any and all documents evidencing investigations (or evidencing that an investigation took place) by any third parties, including but not limited to any law enforcement officials involving Defendants or Defendants' agents or employees with regard to any civil matters in any way pertaining to the premises, their employment, ownership or representation of Defendant Agencies.

25. All documents reflecting a corporate organization chart for any defendant since its formation and any changes to same.

26. Produce any and all documents which relate to Defendant Entities communications with Plaintiff in this lawsuit.

27. Produce any and all court documents, such as pleadings and judgments, pertaining to or reflecting any civil action in which Defendant Entities have ever been involved as a party since formation.

28. Produce any and all interoffice memoranda or other communications between Defendant Entities and its employees and any other third parties relating to Defendant or the subject matter of this lawsuit.

29. Produce any and all documents, including, but not limited to, settlement agreements,

releases, checks, drafts, contracts, and other written materials reflecting or pertaining to the terms, conditions and payment of any settlement or release made by or to Defendant Entities with any other person or entity relating to the occurrences or damages which are the subject of this lawsuit.

30.    Produce any and all charts, models, blow-ups, pictures, photographs, illustrations, diagrams or other documents or tangible things which you intend to use as a demonstrative exhibit or aid at the trial of this lawsuit.

31.    All documents and other tangible things supporting your any of your affirmative defenses.

32.    All documents pertaining to the employment history of Defendant. Including but not limited to, job application, drug screening results, alcohol screening results, background checks, driving records, employment history, job performance reports, incident reports, medical records, performance review, disciplinary incidents or complaints, etc.

33.    A copy of all documents filed by you with any state, county, city, federal or governmental agency, institution or department containing information about you.

34.    All documents pertaining to the vehicle in question; including but not limited to, vehicles inspections, any maintenance on the vehicle, any crash reports, any driver's logs, any custody reports pertaining to the possession of the vehicle, title to the vehicle at the time of the incident, ext.

35.    All documents and materials of any nature concerning Defendant's contention that Plaintiff caused or contributed to any part of this incident.

36.    All documents pertaining to all vehicles owned by Defendant; including but not limited to vehicles inspections, any maintenance on the vehicle, any crash reports, any driver's logs, any custody reports pertaining to the possession of the vehicle, title to the vehicle at the time of the incident, ext.

37.    Employment records for any other party to this suit who has ever been entrusted with a company vehicle by Defendant; including but not limited to job application, drug screening results, alcohol screening results, background checks, driving records, employment history, job performance reports, incident reports, medical records, etc. Please include any and all traffic violations or car collisions of the parties you have entrusted with a company vehicles over the past (10) years.

38.    Copies of all agreements, payments, and other documents of any nature related in any way to the relationship between Defendants.

39.    All documents showing the existence and contents of any indemnity or insuring agreement held by Defendant.

40.   All documents pertaining to any possible known responsible third party.

41.   All documents and photographs constituting a statement made by any person concerning any of the facts, allegations or claims made with respect to this lawsuit – a witness statement – regardless of when the statement was made, pursuant to Rule 192.3(h).

42.   All documents constituting any settlement agreement of any kind (whether oral, written, or otherwise) made by you and any other person regarding any of the claims or causes of action concerning the occurrence in question.

43.   All documents which you may offer as evidence under the provisions of Rule 609, Texas Rules of Civil Evidence with respect to the arrest or criminal conviction(s), if any, of Plaintiffs, or any other witness, party or person with knowledge of relevant facts identified in any discovery responses in this lawsuit.

44.   A copy of any industry standard or custom that you, or any expert witness you may call to testify in this lawsuit, believe is an established and reliable authority with respect to the subject matter of this lawsuit.

45.   Any and all documents or evidence that may be used by or on behalf of the Plaintiff in this case for impeachment of any of the following individuals during the discovery phase or at trial:
   (a)   Any and all present employees, agents or representatives of Defendant;
   (b)   Any and all expert witnesses designated by or on behalf of Defendant; and
   (c)   Any and all persons with knowledge of relevant facts identified in responses to discovery by Defendant.

46.   All documents prepared or generated by any law enforcement agency, Texas State agency, or any security agency which relate to the occurrence which forms the basis of this suit.

47.   Produce any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party DEFENDANT to this suit or its representatives, agents or insurers regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:
   a.   The incident;
   b.   Plaintiffs' damages;
   c.   The presentation of any testimony;
   d.   Whether or how to conduct any cross examination;
   e.   The performance of discovery; and/or
   f.   The presentation of any defense, excuse, or inferential rebuttal.

48.   All documents pertaining to your relationship with Defendant FLOYD PORTER.

49.   All financial statements produced over the last five (5) years including year-to-date.

50.   All federal, state and local tax returns concerning the last five (5) years.

51.   All documents pertaining to each subsidiary you control or have controlled over the past five (5) years.

52.   Produce your complete Safety Measurement System Profile going back 7 years from the date you were served with this discovery request.

53.   Produce your entire company profile from the Safety and Fitness Electronic Records System.

54.   Produce Defendant FLOYD PORTER'S log book for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

55.   Produce Defendant FLOYD PORTER'S trip receipts for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

56.   Produce Defendant FLOYD PORTER'S bills of landing for the date of the incident, as well the 2 weeks prior and 2 weeks after this incident.

57.   Produce Defendant FLOYD PORTER'S weight tickets for the date of the incident, as well the 2 weeks prior and 2 weeks after this incident.

58.   Produce Defendant FLOYD PORTER'S toll records for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

59.   Produce Defendant FLOYD PORTER'S check point records for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

60.   Produce Defendant FLOYD PORTER'S pay records for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

61.   Produce Defendant FLOYD PORTER'S EDR data for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

62.   Produce Defendant FLOYD PORTER'S GPS date, tracking data and data recording data for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

63.   Produce all of Defendant FLOYD PORTER'S road test records and road test certificates.

64.   Produce Defendant FLOYD PORTER'S employment application.

65.   Produce Defendant FLOYD PORTER'S medical certificate.

66.   Produce Defendant FLOYD PORTER'S annual certification of traffic violations.

67.   Produce Defendant FLOYD PORTER'S dispatch & trip reports for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident. (required under the International Fuel Tax Agreement)

68.   Produce Defendant FLOYD PORTER'S Driver Qualification File. This file should include the driver's employment application, records relating to inquiries to previous employers, responses to driving record inquiries, the driver's Road Test Certificate, records relating to driver's annual review, driver's annual certification of traffic violations, and the driver's Medical Certificate.

69.   Produce Defendant FLOYD PORTER'S Driver Investigative History File. This includes the records obtained from the Defendant FLOYD PORTER'S previous employers relating to a driver's safety performance history.

70.   Produce Defendant FLOYD PORTER'S Drug and Alcohol Testing Records, including any post-collision testing, the driver's pre-employment screening, records relating to any random testing, records relating to any reasonable suspicion testing, any refusal to submit to testing, and any rehabilitation records.

71.   All documents pertaining to your relationship with Defendant FLOYD PORTER.

72.   Produce Defendant FLOYD PORTER'S log book for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

73.   Produce Defendant FLOYD PORTER'S trip receipts for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

74.   Produce Defendant FLOYD PORTER'S bills of landing for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

75.   Produce Defendant FLOYD PORTER'S weight tickets for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

76.   Produce Defendant FLOYD PORTER'S toll records for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

77.   Produce Defendant FLOYD PORTER'S check point records for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

78.   Produce Defendant FLOYD PORTER'S pay records for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

79.   Produce Defendant FLOYD PORTER'S EDR data for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

80.   Produce Defendant FLOYD PORTER'S GPS date, tracking data and data recording data for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident.

81.   Produce all of Defendant FLOYD PORTER'S road test records and road test certificates.

82.   Produce Defendant FLOYD PORTER'S employment application.

83.   Produce Defendant FLOYD PORTER'S medical certificate.

84.   Produce Defendant FLOYD PORTER'S annual certification of traffic violations.

85.   Produce Defendant FLOYD PORTER'S dispatch & trip reports for the date of the incident, as well as the 2 weeks prior and 2 weeks after this incident. (required under the International Fuel Tax Agreement)

86.   Produce Defendant FLOYD PORTER'S Driver Qualification File. This file should include the driver's employment application, records relating to inquiries to previous employers, responses to driving record inquiries, the driver's Road Test Certificate, records relating to driver's annual review, driver's annual certification of traffic violations, and the driver's Medical Certificate.

87.   Produce Defendant FLOYD PORTER'S Driver Investigative History File. This includes the records obtained from the Defendant FLOYD PORTER'S previous employers relating to a driver's safety performance history.

88.   Produce Defendant FLOYD PORTER'S Drug and Alcohol Testing Records, including any post-collision testing, the driver's pre-employment screening, records relating to any random testing, records relating to any reasonable suspicion testing, any refusal to submit to testing, and any rehabilitation records.

## Requests for Admissions

Please Admit or Deny the following:

**REQUEST 1.**   DEFENDANT FLOYD PORTER was acting in his course and scope of employment with you at the time of this incident.

**REQUEST 2.**   DEFENDANT FLOYD PORTER was your employee on December 14, 2014.

**REQUEST 3.**   DEFENDANT FLOYD PORTER was operating a vehicle owned by you at the time of this incident.

**REQUEST 4.**   DEFENDANT FLOYD PORTER was acting within the course and scope of his employment at the time of this incident.

**REQUEST 5.**     It was DEFENDANT FLOYD PORTER'S negligent operation of a motor vehicle which was the proximate cause of this incident.

**REQUEST 6.**     DEFENDANT FLOYD PORTER was an agent of DEFENDANT MERCER TRANSPORTATION CO., INC. at the time of this incident.

**REQUEST 7.**     DEFENDANT MERCER TRANSPORTATION CO., INC. was aware that DEFENDANT FLOYD PORTER was unlicensed at the time of this incident.

**REQUEST 7.**     DEFENDANT FLOYD PORTER received Driver Fitness Violation 391.11(b)(5) 'Not licensed for type vehicle being operated (OOS).

**REQUEST 8.**     DEFENDANT FLOYD PORTER received Driver Fitness Violation 391.11(b)(5) 'Not licensed for type vehicle being operated (OOS).

## XIV.   NOTICE OF INTENT

Plaintiffshereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## XV.   TRCP 54 CONDITIONS PRECEDENT

Plaintiffs pleads that all conditions precedent have been performed or have occurred.

## XVI.   U.S. LIFE TABLES

Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## PRAYER

**WHEREFORE,** Plaintiffs respectfully request that DEFENDANTS be cited to appear and answer, and that on final trial, Plaintiffs be awarded judgment against DEFENDANTS for the following:

a.     Damages pleaded herein;

b.      Pre and post judgment interest at the maximum legal rate;

c.      Cost of Court; and

d.      For such other and further relief, at law or in equity, to which Plaintiff will be justly
entitled.

Respectfully submitted,

**Modjarrad | Abusaad | Said, Law Firm**

By: _____

**J. Rob Loar**
Texas Bar No. 24081007
**Jibraeel Zaidi**
Texas Bar No. 24091248
212 W. Spring Valley Rd.
Richardson, Texas 75081
Tel. (972) 789-1664
Fax. (972) 789-1665
jloar@modjarrad.com
ATTORNEYS FOR PLAINTIFF

# EXHIBIT A-3

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): _____ COURT (FOR CLERK USE ONLY): _____

STYLED **MYRA DAVIS ET AL. V. FLOYD PORTER ET AL.**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:  Email: | Plaintiff(s)/Petitioner(s): | ☒ Attorney for Plaintiff/Petitioner |
| **J. Rob Loar**  jloar@modjarrad.com |  | ☐ Pro Se Plaintiff/Petitioner |
|  | **Myra Davis and Jacqueline Evans** | ☐ Title IV-D Agency |
| Address:  Telephone: |  | ☐ Other: |
|  | Defendant(s)/Respondent(s): |  |
| **212 West Spring Valley Rd.**  **(972) 789-1664** |  | Additional Parties in Child Support Case: |
| City State Zip:  Fax: | **Floyd Porter and Mercer** |  |
|  | **Transportation Co., Inc.** | Custodial Parent: |
| **Richardson, Texas 75081**  **(972) 789-1665** | [Attach additional page as necessary to list all parties] |  |
| Signature:  State Bar No: |  | Non-Custodial Parent: |
|  | 24081007 |  |
|  |  | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**

*Debt Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:
- ☒ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

### Other Civil
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings
- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☒ Over $100,000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

# EXHIBIT A-4

COUNTY COURT AT LAW NO. 2
GEORGE L. ALLEN SR. COURTS BUILDING
600 COMMERCE STREET, SUITE 555
DALLAS, TEXAS  75202
214-653-7365

November 29, 2016

JOHN R LOAR
MAS LAW FIRM
212 W SPRING VALLEY RD
RICHARDSON TX  75081

Re:    Cause No. CC-16-05928-B

MYRA DAVIS, JACQUELINE EVANS vs. FLOYD PORTER,  MERCER
TRANSPORTATION CO., INC.

## NOTICE PURSUANT TO TRCP 165a

Pursuant to Rule 165a of the Texas Rules of Civil Procedure, the above case is set for dismissal
on  **02/24/2017  at  9:00 a.m.**

**If an answer has not been filed by the requisite appearance date, it will be expected that you
will have moved for a default judgment seven (7) days <u>before</u> the above-referenced
dismissal date.** Your failure to do so may result in dismissal of the case.

If you are unable to obtain service of process by the above-referenced dismissal date, you must
notify the court and request an extension.

If an answer has been filed, a trial date will be set and you will be notified of same.

If you have any questions regarding this notice, contact the court coordinator at the number listed
above.

Sincerely,

JUDGE KING FIFER
Judge Presiding

# EXHIBIT A-5

# THE STATE OF TEXAS
# CITATION
CAUSE NO. CC-16-05928-B
COUNTY COURT AT LAW NO. 2
Dallas County, Texas

TO:

**MERCER TRANSPORTAION CO., INC.**
**SERVED THROUGH THEIR REGISTERED AGENT:**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET, SUITE 900**
**DALLAS TX 75201**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFFS'S ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFENDANTS ATTACHED, a default judgment may be taken against you."   Your answer should be addressed to the clerk of County Court at Law No. 2 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**MYRA DAVIS AND JACQUELINE EVANS**
*Plaintiff(s)*

VS.

**FLOYD PORTER AND MERCER TRANSPORTATION CO., INC.**
*Defendant(s)*

filed in said Court on the 23rd day of November, 2016a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 30th day of November, 2016 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____ , Deputy
         Carla Davis





CC-16-05928-B
CICI
ISSUE CITATION
1264893

| ATTORNEY |
| --- |
| **CITATION** |
| **PLAINTIFFS' ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFENDANTS ATTACHED** |
| **CC-16-05928-B** |

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 2
Dallas County, Texas

MYRA DAVIS AND JACQUELINE
EVANS, *Plaintiff(s)*

VS.

FLOYD PORTER AND MERCER
TRANSPORTATION CO., INC.,
*Defendant(s)*

**SERVE:**
**MERCER TRANSPORTAION CO., INC.**
**SERVED THROUGH THEIR**
**REGISTERED AGENT:**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET, SUITE 900**
**DALLAS TX 75201**

**ISSUED THIS**
**30TH DAY OF NOVEMBER, 2016**

JOHN F. WARREN, COUNTY CLERK
BY: CARLA DAVIS, DEPUTY

Attorney for Plaintiff

JOHN R LOAR
MAS LAW FIRM
212 W. SPRING VALLEY RD.
RICHARDSON TX  75081
972-789-1664

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

# OFFICER'S RETURN

CC-16-05928-B   County Court at Law No. 2

MYRA DAVIS AND JACQUELINE EVANS vs. FLOYD PORTER AND MERCER TRANSPORTATION CO., INC.

**ADDRESS FOR SERVICE:**
SERVED THROUGH THEIR REGISTERED AGENT:
CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

**Fees:**
Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to MERCER TRANSPORTAION CO., INC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFFS'S ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFENDANTS ATTACHED with the date and service at the following times and places to-wit:

**Name**                     **Date/Time**                **Place, Course and Distance from Courthouse**

_____      _____          _____

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy          $_____          _____, Officer

Total     $_____                               _____, County, Texas

By:_____, Deputy

_____, Affiant

# EXHIBIT A-6

JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

2016 DEC -2 AM 11: 53

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-16-05928-B**
COUNTY COURT AT LAW NO. 2
Dallas County, Texas

**ATTORNEY**

**CITATION**
**PLAINTIFFS' ORIGINAL PETITION
AND WRITTEN DISCOVERY TO
DEFENDANTS ATTACHED**

## CC-16-05928-B

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 2
Dallas County, Texas

MYRA DAVIS AND JACQUELINE
EVANS, *Plaintiff(s)*

VS.

FLOYD PORTER AND MERCER
TRANSPORTATION CO., INC.,
*Defendant(s)*

**SERVE:**
**MERCER TRANSPORTAION CO., INC.
SERVED THROUGH THEIR
REGISTERED AGENT:
CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201**

**ISSUED THIS
30TH DAY OF NOVEMBER, 2016**

JOHN F. WARREN, COUNTY CLERK
BY: CARLA DAVIS, DEPUTY

Attorney for Plaintiff

JOHN R LOAR
MAS LAW FIRM
212 W. SPRING VALLEY RD.
RICHARDSON TX 75081
972-789-1664

TO:

**MERCER TRANSPORTAION CO., INC.
SERVED THROUGH THEIR REGISTERED AGENT:
CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFFS'S ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFENDANTS ATTACHED, a default judgment may be taken against you."   Your answer should be addressed to the clerk of County Court at Law No. 2 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**MYRA DAVIS AND JACQUELINE EVANS**
*Plaintiff(s)*

VS.

**FLOYD PORTER AND MERCER TRANSPORTATION CO., INC.**
*Defendant(s)*

filed in said Court on the 23rd day of November, 2016a copy of which accompanies this citation.

**WITNESS:   JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 30th day of November, 2016 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Carla Davis_ , Deputy
      Carla Davis



NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

# OFFICER'S RETURN

CC-16-05928-B   County Court at Law No. 2

MYRA DAVIS AND JACQUELINE EVANS vs. FLOYD PORTER AND MERCER TRANSPORTATION CO., INC.

**ADDRESS FOR SERVICE:**
SERVED THROUGH THEIR REGISTERED AGENT:
CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

**Fees:**
Came to hand on the _30_ day of _NOVEMBER_, 20 _16_ , at _12_ o'clock _P_ .m., and executed in _DALLAS_ County, Texas by delivering to MERCER TRANSPORTAION CO., INC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFFS'S ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFENDANTS ATTACHED with the date and service at the following times and places to-wit:

| Name MERCER TRANSPORTATION CO INC BY SERVING REG AGENT CT CORP SYSTEM | Date/Time 11/30/16 1140 AM | Place, Course and Distance from Courthouse 1999 BRYAN ST # 900 DALLAS TX |
|---|---|---|

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy     $_____     _____, Officer

Total   $ _75_     _____, County, Texas

By:_____, Deputy

_Patricia J. Holstead_ 1623 8/15 Affiant

SWORN TO AND SUBSCRIBED BEFORE ME

ON THIS _1st_ DAY OF _December_ 20 _16_

x _Heather L Bork_

*HEATHER L. BORK*
*NOTARY PUBLIC*
*STATE OF TEXAS*
*EXPIRES*
*03-14-17*

# EXHIBIT A-7

12/20/2016 4:13:1
JOHN F. WAR
COUNTY CL
DALLAS COL

## CAUSE NO. CC-16-05928-B

| | | |
|---|---|---|
| **MYRA DAVIS and JACQUELINE EVANS**<br>**Plaintiffs,** | §<br>§<br>§<br>§ | **IN THE COUNTY COURT** |
| **v.** | §<br>§ | **AT LAW NO. 2** |
| **FLOYD PORTER and MERCER TRANSPORTATION CO., INC.**<br>**Defendant.** | §<br>§<br>§ | **DALLAS COUNTY, TEXAS** |

### DEFENDANT MERCER TRANSPORTATION CO., INC.'S
### ORIGINAL ANSWER, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DEFENDANT MERCER TRANSPORTATION CO., INC. ("Defendant") in the above-numbered and referenced cause, and files this its Original Answer, Jury Demand, and Request for Disclosure to Plaintiff's Original Petition, and in support thereof, would respectfully show the Court as follows:

## I.
### GENERAL DENIAL

Defendant generally denies each and every, all and singular, the allegations contained in Plaintiffs' Original Petition and any subsequent pleadings, and demands strict proof thereof, as required by law.

## II.
### AFFIRMATIVE DEFENSES

Defendant further states by way of affirmative defense, if such be necessary, that Plaintiffs were guilty of acts and/or omissions of negligence, each of which, separately or concurrently, was the sole proximate cause, or alternatively, a proximate cause of the occurrence made the basis of this lawsuit. Plaintiffs' negligence entitles Defendant to a comparative responsibility instruction under Chapter 32.001, et seq. and Chapter 33.001, et seq. of the *Texas*

*Civil Practice and Remedies Code.* Accordingly, in the unlikely event that Plaintiff(s) recover damages in this suit, their damages should be reduced in proportion to the percentage of responsibility attributed to Plaintiff(s) related to the negligent operation of the motor vehicle.

Defendant further states by way of affirmative defense, if such be necessary, that pursuant to *Texas Finance Code* § 304.1045, pre-judgment interest may not be assessed or recovered on an award of future damages.

Defendant further states by way of affirmative defense, if such be necessary, that Plaintiffs' recovery, if any, for medical expenses should be reduced pursuant to Section 41.0105 of the *Texas Civil Practices and Remedies Code.*

Defendant further states by way of affirmative defense, if such be necessary, it is entitled to an offset of any previous settlement or payment.

Defendant further states by way of affirmative defense, if such be necessary, that a third party not under the control of this Defendant was guilty of certain acts and/or omissions of negligence, each of which, separately or concurrently, was a proximate cause of the occurrence made the basis of this lawsuit.

Defendant further states by way of affirmative defense, if such be necessary, if Plaintiffs sustained any injury, incapacity or disability, such injury, incapacity, or disability resulted solely, or at least partially, from events, factors, diseases, causes, conditions or injuries which occurred prior and/or subsequent to the incident made the basis of this lawsuit.

Defendant further states by way of affirmative defense, if such be necessary, that Plaintiffs have failed to mitigate, which persons of ordinary prudence would have done under the same or similar circumstances, their damages, if any, which may have resulted from the

occurrence made the basis of this lawsuit. In this connection, Defendant generally states that Plaintiffs were over treated for their alleged injuries and, therefore, incurred unnecessary, unreasonable and excessive medical expenses.

Defendant further states by way of affirmative defense, if such be necessary, that Plaintiffs' recovery, if any, for loss of earnings or earning capacity should be reduced and/or limited pursuant to § 18.091 of the *Texas Civil Practice and Remedies Code.*

Defendant further states by way of affirmative defense, if such be necessary, that punitive damages, if any, are subject to the caps and limits as set forth in the Texas Civil Practice and Remedies Code Chapter 41, other statutory authority, and common law. Further, unless Plaintiff proves Defendant's liability for punitive damages by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the 14th Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution. Furthermore, any damages found under the Texas Insurance Code or DTPA are capped at no more than three times the amount of economic damages.

## III.
## JURY DEMAND

Defendant hereby demands a trial by jury.

## IV.
## REQUEST FOR DISCLOSURE

Pursuant to the *Texas Rules of Civil Procedure*, Defendant requests that Plaintiffs disclose, within thirty (30) days of service of this request, the information or material described in Rule 194.2

## V.
## RULE 193.7 NOTICE

Defendant hereby gives notice to all parties that all documents produced in response to any party's discovery requests shall be treated as if self-authenticated for use at any pretrial or trial proceeding of this case.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Mercer Transportation Co., Inc. respectfully prays that the Court dismiss this suit or render judgment that the Plaintiffs take nothing, assess costs against the Plaintiffs, and award all other and further relief to which Defendant may show itself to be justly entitled, whether at law or in equity.

Respectfully submitted,

*Lindsay Daniel*

CHARLES B. MITCHELL, JR.
State Bar No. 14207000
Federal ID No. 16627
LINDSAY P. DANIEL
State Bar No. 24082894
Naman, Howell, Smith & Lee, PLLC
306 West 7th Street, Suite 405
Fort Worth, Texas 76102-4911
Telephone: 817-509-2040
Facsimile: 817-509-2060
Email: Charles.Mitchell@namanhowell.com
Email: ldaniel@namanhowell.com

**ATTORNEYS FOR DEFENDANT
MERCER TRANSPORTATION CO., INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 20, 2016, a true and correct copy of the foregoing was served in accordance with the *Texas Rules and Civil Procedures* 21 and 21(a) as follows:

*Via E-Service*
J. Rob Loar
Jibraeel Zaidi
MODJARRAD | ABUSAAD | SAID LAW FIRM
212 West Spring Valley Road
Richardson, Texas 75081

*Lindsay Daniel*
Lindsay P. Daniel